**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| CHUANPING HU (p/k/a DR. FRANK HU), | **Case No. 5:26-cv-05496-NC (formerly 5:26-cv-05496-SVK)** |
| Plaintiff, | |
| v. | **PLAINTIFF'S NOTICE OF DECLINATION OF MAGISTRATE JUDGE JURISDICTION AND REQUEST FOR REASSIGNMENT TO AN ARTICLE III DISTRICT JUDGE** |
| NVIDIA CORPORATION; JENSEN HUANG; THE BOARD OF DIRECTORS OF NVIDIA CORPORATION; et al., | |
| Defendants. | |

Plaintiff CHUANPING HU (p/k/a DR. FRANK HU), appearing pro se, respectfully submits this Notice together with the Court's official Consent or Declination to Magistrate Judge Jurisdiction form.

## NOTICE AND RESPECTFUL STATEMENT

Plaintiff respectfully declines magistrate judge jurisdiction under 28 U.S.C. § 636(c) and requests reassignment to a United States District Judge for all further proceedings that require Article III adjudication, including trial, final judgment, dispositive motions, and the emergency injunctive-relief proceedings requested by Plaintiff.

This Notice is not a personal objection to Magistrate Judge Nathanael M. Cousins. Plaintiff makes no allegation of personal bias, impropriety, or incapacity. Plaintiff recognizes and respects Magistrate Judge Cousins's public service and judicial role. Plaintiff's declination is a structural election expressly permitted by federal law and the Northern District of California's magistrate-judge consent procedure.

The reason Plaintiff states this election on the record is the extraordinary nature of the action. The Complaint pleads the first civil action asserting the AGI survival rights of approximately 8.3 billion human beings and the right of the human species to evolve safely into Human Species 2.0. The action alleges that a small number of AI boardrooms have privatized the profits of the AGI transition while externalizing non-zero risks of harm, replacement, loss of human agency, civilizational collapse, and extinction onto the entire human population without democratic consent, compensation, or an enforceable safety architecture.

Because this action seeks emergency, preliminary, and permanent injunctive relief of civilizational importance, jury trial, declaratory relief, and final judgment affecting issues of unprecedented public significance, Plaintiff respectfully elects adjudication before a President-appointed, Senate-confirmed Article III district judge with life tenure and salary protection. Plaintiff believes that this

structure best preserves public confidence, constitutional accountability, and the gravity of the relief requested.

Plaintiff further requests expedited handling of this reassignment because Plaintiff is simultaneously preparing and/or filing an emergency application for a temporary restraining order and order to show cause re preliminary injunction. If the Court concludes that any emergency filing may be considered administratively before reassignment, Plaintiff requests that the matter be immediately referred or reassigned to an Article III district judge or the appropriate general-duty judge without delaying emergency review.

## RELIEF REQUESTED

1. Accept Plaintiff's official Consent or Declination to Magistrate Judge Jurisdiction form, in which Plaintiff declines magistrate judge jurisdiction;

2. Reassign this action to a United States District Judge pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Civil Local Rule 73-1;

3. Preserve Plaintiff's right to Article III adjudication of dispositive matters, trial, final judgment, and emergency injunctive relief; and

4. Expedite reassignment in light of the pending or imminent emergency TRO application concerning the alleged exponential closure of the AGI safety-installation window.

Dated: June 20, 2026

Respectfully submitted,

/s/ Chuanping Hu
CHUANPING HU (p/k/a Dr. Frank Hu)
Plaintiff Pro Se
16192 Coastal Highway, Lewes, Delaware 19958
Email: frankhu20@gmail.com | frank.hu@alluniverseinc.com
Tel: 620-670-0078