UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHUANPING HU,

          Plaintiff,

    v.

NVIDIA CORPORATION, et al.,

          Defendants.

Case No. 5:26-cv-05496-EJD

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: ECF No. 11

Before the Court is Plaintiff Chuanping Hu's ("Plaintiff") ex parte motion for a temporary restraining order ("TRO"). Mot., ECF No. 11.

On June 8, 2026, Plaintiff filed a complaint asserting twelve claims for relief: violations of Section 10(b) and 20(a) of the Securities Exchange Act; fraud; alter ego liability for fraud; violations of 18 U.S.C. §§ 1962(c), 1365, and 1348; public nuisance; negligence; reckless endangerment; and "post-notice litigation conduct, delay, and coordinated refusal as continuing scienter, bad faith, absence of crime cessation, and RICO risk." Compl., ECF No. 1. The complaint identifies the following Defendants: NVIDIA Corp., Jensen Huang, and NVIDIA's board; AMD, Lisa Su, and AMD's board; Intel, Intel's CEO, and Intel's board; TSMC, C.C. Wei, and TSMC's board; Samsung Electronics and its CEO and board; Amazon/AWS, Andy Jassy, and Amazon's board; Microsoft/Azure, Satya Nadella, and Microsoft's board; Alphabet/Google, Sundar Pichai, and Alphabet's board; Oracle, Safra Catz, and Oracle's board; Space Exploration Technologies Corp. ("SpaceX"), Elon Musk, and SpaceX's board; OpenAI, Sam Altman, and Open AI's board; Anthropic, Dario Amodei, and Anthropic's board; Apple, Tim Cook, and Apple's board; Meta, Mark Zuckerberg, and Meta's board; and Eli Lilly, David Ricks, and Eli Lilly's board. *Id.* at 22.

Case No.: 5:26-cv-05496
ORDER DENYING TRO MOTION

For the following reasons, the Court **DENIES** Plaintiff's ex parte motion for a TRO and **ORDERS** Plaintiff to effectuate service on Defendants so that Defendants may answer or otherwise respond to the complaint.

## I.    BACKGROUND

Plaintiff is concerned that a small group of artificial intelligence ("AI") corporations are racing toward artificial general intelligence ("AGI"), which Plaintiff believes carries a 10–25 percent risk of civilizational collapse—all without humanity's consent.  Mot. at 3.  According to Plaintiff, leaders of AI companies understand that AGI could lead to mass extinction, but they are disregarding that risk in pursuit of profit.  *Id*. at 2–3.

Plaintiff requests that the Court issue a TRO to halt all materially new frontier AI model releases, AGI-capable training runs, and graphics processing unit ("GPU") and chip sales intended for frontier AI training until Defendants certify that safety controls are in place; preserve evidence; provide verified safety status reports within seventy-two hours of service; identify all AI infrastructure under each Defendant's control; designate a safety liaison; and schedule a hearing for a preliminary injunction.  *Id.* at 10–12.  If the Court deems the request to halt new AI releases and sales too broad, Plaintiff asks that the Court issue a narrower TRO granting the remaining requested relief.  *Id.* at 13.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 65(a), an applicant is entitled to a temporary restraining order upon demonstrating four factors: (1) the applicant "is likely to succeed on the merits"; (2) the applicant is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) the balance of equities favors the requested preliminary relief; and (4) the "injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III.    DISCUSSION

The Court first considers the second element: whether Plaintiff has shown he is likely to suffer irreparable harm if the TRO is not granted.

Plaintiff claims that "[e]xtinction risk, irreversible loss of human agency, unsafe

Case No.: 5:26-cv-05496
ORDER DENYING TRO MOTION

2

United States District Court
Northern District of California

deployment of AGI-capable infrastructure, and a closing safety-installation window" constitute irreparable harm. Mot. at 38. "[T]he window for prevention is closing," Plaintiff argues. *Id*.

First, "[s]peculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Goldie's Bookstore, Inc. v. Superior Court*, 739 F.2d 466, 472 (9th Cir. 1984); *see also Synopsys, Inc. v. InnoGrit, Corp.*, No. 19-CV-02082-LHK, 2019 WL 1779978, at *2 (N.D. Cal. Apr. 23, 2019) ("To demonstrate irreparable harm, Plaintiff must show that 'irreparable harm is real and significant, not speculative or remote.'"). Here, Plaintiff claims that there is a "non-zero risk of civilizational collapse, human extinction, loss of human agency, irreversible AI loss of control, and global-scale public danger." Mot. at 61. Specifically, Plaintiff estimates the risk of these outcomes to be "10% to 25%". Mot. at 2. It is, of course, impossible to predict how AI and AGI will change our world. But even assuming Plaintiff's prediction is correct, a 10–25 percent risk of harm is too speculative to warrant granting a preliminary injunction.

Second, "a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). Here, Plaintiff alleges that "industry leaders . . . have publicly warned that we are within a 12 to 24-month window of irreversible loss of control." Mot. at 29. He also describes a "closing speed of the safety-installation window . . . as a mathematical exponential convergence function . . ." *Id.* at 14. Neither of these claims demonstrates an immediate threatened injury. The first states that there is a one- to two-year window of time before the alleged harm occurs, but even one year is too remote to qualify as an immediate injury. The second states that the safety window is closing quickly, but it does not specify when the window closes or how much time remains. Thus, neither statement demonstrates that the threatened injury is immediate.

In sum, Plaintiff has failed to demonstrate that he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20. On those grounds, the Court finds that Plaintiff is not entitled to a TRO. The Court need not examine the remaining *Winter* factors at this time.

Case No.: 5:26-cv-05496
ORDER DENYING TRO MOTION

United States District Court
Northern District of California

**IV.     CONCLUSION**

Based on the foregoing, the Court **DENIES** Plaintiff's ex parte motion for a TRO.  The Court **ORDERS** Plaintiff to effectuate service on Defendants so that Defendants may answer or otherwise respond to the complaint.


**IT IS SO ORDERED.**

Dated: June 23, 2026

Edward J. Davila
United States District Judge

Case No.: 5:26-cv-05496
ORDER DENYING TRO MOTION

4